UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO ROBLES MARTINEZ (A-Number: 240-818-628),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden of the Detention Facility; TODD BLANCHE, Attorney General of the United States; MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement,<br><br>Respondents. | No. 1:26-cv-04982-KES-FJS (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Pablo Robles Martinez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The Court has previously addressed the legal issues raised by the petition. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL

3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

Respondents acknowledge that this case raises those issues. *See* Doc. 8. Respondents argue "that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)," and that petitioner does not have due process rights "in any form other than the form provided by Congress." *See id.* at 1–2. But the Ninth Circuit rejected respondents' statutory argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and this Court has rejected respondents' due process argument in prior cases. Respondents do not distinguish those authorities or raise any argument that this Court has not previously considered.

Respondents state that "[s]hould the Court find that the detention authority is 8 U.S.C. § 1226, Respondents do not offer any opposition at this time to the Court ordering a bond hearing." *Id.* Respondents "request a 14-day period during which to set the ordered bond hearing," but they do not explain why they need fourteen days to conduct the bond hearing, given that petitioner has now been detained for more than three months.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to provide petitioner Pablo Robles Martinez (A-Number: A-240-818-628) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and

shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: August 3, 2026

UNITED STATES DISTRICT JUDGE